UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT ALLEN GOODLOW,

Petitioner,

v.

WARDEN BAKER,

Respondents.

Case No. 3:18-cv-00323-MMD-VPC

ORDER

Petitioner was directed in a prior order (ECF No. 3) to pay the filing fee in order to proceed with his federal habeas petition. The Court has been informed that Petitioner has now paid the full filing fee. Thus, the Petition will be filed.

The Court has reviewed the Petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. While the Petition contains cognizable grounds for habeas relief, Petitioner has drafted the Petition in a manner that precludes orderly adjudication of his claims. Specifically, Petitioner pleads multiple claims within a single ground (Ground 1). Petitioner's claims under Ground 1 include a claim that his counsel was ineffective by failing to adequately investigate and develop a valid theory of defense; a claim that his plea was involuntary due to counsel's ineffectiveness and Petitioner's inability to adequately review and comprehend the guilty plea agreement; a claim that Petitioner was not competent at the time he entered his guilty plea; a claim that the trial court's plea canvass was inadequate; a claim that counsel was ineffective with respect to sentencing; and a claim that the trial court denied Petitioner due process in not permitting

him to withdraw his guilty plea. Instead of being combined under one ground, each factually or legally distinct claim for relief must be pleaded under a separate ground for relief.

Because it appears he may have tenable claims for relief, Petitioner will have an opportunity to file an amended petition in a more manageable form. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Petitioner is advised to closely follow the instructions provided with the Court's form petition for writ of habeas corpus, as well as the instructions on the form itself. In particular, Petitioner should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must be pleaded under a separately-numbered ground in the form petition. In other words, each contention Petitioner believes to be sufficient for the Court to grant relief is a claim/ground and must be separately presented, not mixed into the discussion of another claim/ground. In addition, each ground must include all the relevant facts that support it, but only those facts. Lastly, Petitioner is not limited in the number of grounds he may include in his federal petition, but federal habeas relief is not available for claims that have not been properly presented to the Nevada Supreme Court.

The Court, therefore, instructs Petitioner to consider the matter carefully and to determine all possible claims for habeas corpus relief. If Petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, Petitioner should include these additional claims in his amended petition. Petitioner's failure to inform the Court of these additional claims may prevent Petitioner from ever raising these claims at a later date.

In addition, Petitioner has filed a motion for the appointment of counsel. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional

1 | right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). At this point, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is denied.

It is therefore ordered that the Clerk file the petition for writ of habeas corpus (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2). The Clerk is instructed to refrain from serving Respondents at this time, pending the amendment of the petition.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that Petitioner will have thirty days (30) days from the date of the entry of this Order on the record within which to file with the Court an amended petition which corrects the deficiencies identified in this Order. In addition to correcting the problems which the Court has identified, Petitioner must include in that amended petition any and all additional claims for habeas corpus relief of which Petitioner is aware.

It is further ordered that if Petitioner fails to respond to this Order in the time and manner provided above, the Court will conclude that Petitioner does not desire to pursue this matter, and will enter an order dismissing this case, without prejudice.

///
///
///
///

1 | It is further ordered that the Clerk send Petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

DATED THIS 7th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE