UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROBERT ALLEN GOODLOW, | Case No. 3:18-cv-00323-MMD-CBC |
|---|---|
| Petitioner, | |
| v. | ORDER |
| WARDEN BAKER, *et al.*, | |
| Respondents. | |

Pending before the Court are numerous motions for appointment of counsel filed by Petitioner. (ECF Nos. 11, 15, 18, 19.) As grounds for these motions, Petitioner contends the Court should appoint him counsel because his case requires investigation, he has limited reading and writing skills, and his mental competence is at issue.

Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The Court previously denied Petitioner's motion for appointment of counsel, determining that the issues in this case are not particularly complex. (ECF No. 5 at 3.) Nothing has occurred in this case since then that causes the Court to question that determination. And, notwithstanding Petitioner's claimed limitations, he has to this point demonstrated he is capable of fairly presenting his claims. As for the need for assistance in investigating his case, the Ninth Circuit has noted that "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir. 1986) (citing *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981); 28 U.S.C.A. § 2254(d)). For these reasons, the Court will deny Petitioner's request for appointment of counsel.

It is therefore ordered that Petitioner's motions for appointment of counsel (ECF Nos. 11, 15, 18, 19) are denied.

It is further ordered that Petitioner's motion for copy of the docket sheet for this case (ECF No. 21) is granted. The Clerk of Court will send Petitioner a copy of the docket sheet. Petitioner's prior motion (ECF No. 17) is denied as moot.

It is further ordered that Respondents' motion for extension of time (ECF No. 16) is granted. Respondents will have until February 19, 2019, to file their response to Petitioner's amended petition (ECF No. 8). In all other respects the Court's scheduling order of August 21, 2018 (ECF No. 9) remains in effect.

DATED THIS 8th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE