UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT ALLEN GOODLOW,<br><br>    Petitioner,<br>v.<br><br>WARDEN BAKER, *et al.*,<br><br>    Respondents. | Case No. 3:18-cv-00323-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 in which Respondents have filed a motion to dismiss ("Motion") (ECF No. 30) in response to Petitioner Robert Allen Goodlow's second amended petition ("SAP") (ECF No. 29).[1] Respondents argue that all of the claims in the petition are either partially or fully unexhausted. (ECF No. 30 at 7–10.) They further argue that, because the SAP was filed beyond the statute of limitations, two of Goodlow's claims are time-barred because they do not relate back to a timely-filed petition. (*Id.* at 11–14.) For reasons discussed herein, the Motion is granted in part and denied in part.

**II. BACKGROUND**

In March 2012, Goodlow pleaded guilty in the Eighth Judicial District Court for Clark County, Nevada, to one count of attempt sexual assault with use of a deadly weapon and one count of battery with the intent to commit a crime. (ECF No. 31-21 at 6–5.) In June 2012, Goodlow, through counsel, notified the trial court that he would like to withdraw his guilty plea. (ECF No. 31-23 at 3.) In July 2012, the trial court denied

---

[1]The Court has reviewed Goodlow's response (ECF No. 42) and Respondents' reply (ECF No. 43).

Goodlow's motion to withdraw his plea and sentenced him to 240 months with parole eligibility after 96 months on the former count, with a consecutive like term for the deadly weapon enhancement, and a concurrent 120 month term on the latter count with parole eligibility after 48 months. (ECF. No. 31-29 at 11.) A judgment of conviction was entered on July 25, 2012. (ECF No. 31-31.)

Goodlow appealed. (ECF No. 31-35 at 2.) The Nevada Supreme Court reversed the judgment of conviction and remanded the case, directing the district court to appoint Goodlow new counsel to assist him with his motion to withdraw his guilty plea. (ECF No. 31-54 at 4–5.) On remand, the district court denied Goodlow's counseled motion to withdraw his guilty plea after holding an evidentiary hearing. (ECF No. 31-67 at 49; ECF No. 32-4 at 6.) Goodlow appealed. (ECF No. 32-15.) In January 2015, the Nevada Court of Appeals affirmed Goodlow's judgment of conviction. (ECF No. 32-20.)

In June 2015, Goodlow filed a petition for writ of habeas corpus in the state district court. (ECF No. 32-22.) With assistance of appointed counsel, he filed a supplement to his petition. (ECF No. 33-4, ECF No. 33-5.) The district court denied relief. (ECF No. 33-15 at 19.) Goodlow appealed. (ECF No. 32-13.) In April 2018, the Nevada Court of Appeals affirmed the lower court. (ECF No. 33-44 at 8.)

Goodlow initiated this federal habeas proceeding on June 29, 2018. (ECF No. 6 at 1.) Pursuant to this Court's screening order (ECF No. 5), Goodlow filed an amended petition. (ECF No. 8.) Goodlow was subsequently granted leave to amend his petition again. (ECF No. 28.) On April 26, 2019, he filed his SAP (ECF No. 29), which is the subject of Respondents' Motion (ECF No. 30).

### III. DISCUSSION

#### A. EXHAUSTION

Respondents argue that all six grounds for relief in Goodlow's SAP are either partially or entirely unexhausted. (ECF No. 30 at 7–10.) A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy,* 455 U.S. 509 (1982); 28 U.S.C.

§ 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *see also Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Lundy*, 455 U.S. at 520).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. Cal. Dept. of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

**1. Ground One**

In Ground One, Goodlow alleges he was deprived of his constitutional right to effective assistance of counsel because his trial counsel "failed to investigate and develop a valid theory of defense." (ECF No. 29 at 3.) As factual support, Goodlow alleges alibis for each of the three sexual assault counts initially charged against him that he claims counsel failed to investigate. (*Id.* at 3–4.)

In his state post-conviction proceeding, Goodlow included, within a broader claim of ineffective assistance of counsel ("IAC") for failure to investigate, an allegation that counsel failed to adequately investigate Goodlow's assertion that he was incarcerated at the time one of the assaults was alleged to have occurred. (ECF No. 33-29 at 35–42.) At no point, however, did Goodlow present the state court with allegations supporting an alibi for either of the other two assaults. A petitioner may provide further facts to support a claim in federal district court, so long as those facts do not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). Because Goodlow's new factual allegations place his claim "in a significantly different and stronger evidentiary posture than it was when the state courts considered it," the claim has been "fundamentally altered." *See Dickens v. Ryan*, 740 F.3d 1302, 1318–19 (9th Cir. 2014) (citation omitted). Therefore, the Court finds that Ground One is unexhausted.

### 2. Ground Two

In Ground Two, Goodlow alleges he was deprived of his constitutional right to effective assistance of counsel because counsel failed to adequately investigate his alleged victims, failed to adequately consult with him, failed to have DNA evidence retested, and coerced him into a guilty plea by failing to investigate and by providing an overly pessimistic outlook regarding the outcome of the case. (ECF No. 29 at 6–7.) Unlike Ground One, Ground Two presents a claim that is the substantial equivalent to a claim presented to the Nevada courts in his state post-conviction proceeding. (ECF No. 33-29 at 33–47.) The mere addition of related facts in this Court does not render the claim unexhausted. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). The Court finds that Ground Two is exhausted.

### 3. Ground Three

In Ground Three, Goodlow alleges his guilty plea was not voluntary, in violation of his constitutional rights, because his fifth-grade reading level did not allow him to comprehend the guilty plea agreement and his severe mental illness prevented him from

making sound decisions. (ECF No. 29 at 9.) He faults counsel for not having him evaluated by a mental health professional even though he displayed symptoms of mental illness. (*Id.*)

Respondents contend the claim is unexhausted because in state court the foregoing allegations were only made within the context of an IAC claim, not in support of an "underlying substantive claim" like the one Goodlow is now presenting in federal court. (ECF No. 30 at 9.) The Court disagrees. Despite the heading on the claim and his inartful drafting, it is apparent that Goodlow's intent with Ground Three is to bring the IAC claim contained in his opening brief on appeal in his state post-conviction proceeding. (ECF No. 33-29 at 46–47.) *See Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir. 1986) ("The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Accordingly, the Court determines that Ground Three is exhausted.

### 4. Ground Four

In Ground Four, Goodlow alleges that his constitutional rights were violated because the trial court's plea canvass was inadequate. (ECF No. 29 at 11.) Specifically, he alleges that the record does not demonstrate that he understood the elements of the offense to which he pled guilty and that the trial court did not inform him that he had the right to have each element proven beyond a reasonable doubt. (*Id.*) The Court finds that Ground Four was not fairly presented to the Nevada courts. Thus, it is unexhausted.

### 5. Ground Five

In Ground Five, Goodlow alleged he was deprived of effective assistance of counsel in violation of his constitutional rights because his trial counsel failed to argue against a consecutive 8 to 20 year sentence for the deadly weapon enhancement. (ECF No. 29 at 13.) He further alleges that counsel should have had him undergo a psychosexual evaluation to support mitigation of his sentence. (*Id.*)

Respondents correctly point out that Goodlow presented the latter allegation in his state post-conviction proceeding (ECF No. 33-29 at 49–52), but never presented the

sentence enhancement claim in any state proceeding. Thus, the Court determines that Ground Five is unexhausted as to the portion that challenges counsel's effectiveness in relation to the deadly weapon enhancement.

### 6. Ground Six

In Ground Six, Goodlow alleges that his constitutional rights were violated when the trial court did not permit him to withdraw his guilty plea prior to sentencing. (ECF No. 29 at 15.) Specifically, he claims that his assertions that he was actually innocent and that his counsel had coerced him into pleading guilty met the "manifest injustice" standard necessary to permit withdrawal of the plea under Nevada law. (*Id.* (citing NRS § 176.165).) Goodlow fairly presented this claim in his opening brief on appeal in his state post-conviction proceeding. (ECF No. 33-29 at 47–49.) As such, the Court finds that Ground Six is exhausted.

In summary, Grounds One, Four, and part of Ground Five are unexhausted. This Court is not permitted to adjudicate mixed petitions—i.e., petitions containing both exhausted and unexhausted claims. *See Lundy*, 455 U.S. at 518–19. Thus, Goodlow must either abandon his unexhausted claims—voluntarily dismiss this petition without prejudice in order to return to state court to exhaust—or file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (outlining standards federal courts should apply in deciding whether stay and abeyance is appropriate).

### B. TIMELINESS

Respondents concede that Goodlow filed his initial petition herein and his first amended petition ("FAP") within the one-year filing period under 28 U.S.C. § 2244(d). (ECF No. 30 at 12.) Respondents argue, however, that Goodlow's SAP was filed after the one-year period had elapsed and that two of the claims in his SAP, Grounds Four and Five, are time-barred from federal court review because those claims do not "relate back" to the FAP. (*Id.* at 13.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding, or other collateral review, is pending. 28 U.S.C. § 2244(d)(2).

The Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). Applying Federal Rule of Civil Procedure 15(c)(1)(B) in the habeas context, the Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. *Mayle*, 545 U.S. at 663–64.

The Nevada Court of Appeals affirmed Goodlow's judgment of conviction on January 21, 2015. (ECF No. 32-20.) Goodlow did not petition the United States Supreme Court for *certiorari*, so, for the purposes of § 2244(d)(1), his conviction became final on April 21, 2015.[2] *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (holding that, when no petition for *certiorari* to the United States Supreme Court is filed, direct review is considered to be final 90 days after the decision of the state's highest court). He filed his state habeas petition 59 days later on June 19, 2015. (ECF No. 32-22.) The statutory period was then tolled, under § 2244(d)(2), until May 10, 2018, when the Nevada Supreme Court concluded the post-conviction proceeding by issuing its remittitur. (ECF No. 33-36.)

Consequently, Goodlow's one-year statutory period ended on March 13, 2019, but

---

[2]Respondents omitted this 90-day period in their Motion. (ECF No. 30 at 12.) As discussed below, however, Goodlow's SAP was nonetheless filed beyond the statutory period.

he did not file his SAP until April 26, 2019. Thus, newly-added claims in the SAP must relate back to his earlier-filed federal petitions or they are time-barred.

As noted above, Ground Four raises allegations regarding the adequacy of the trial court's plea canvass, and Ground Five is premised on counsel's alleged ineffectiveness in the sentencing phase. *See supra* Section III(A)(4)–(5). Respondents are correct that Goodlow omitted the operative facts supporting these claims from his FAP. (*See* ECF No. 8.) The operative facts are, however, included in his initial petition. (*See* ECF No. 6 at 3–6.)

Arguably, Goodlow waived claims in the initial petition that he voluntarily omitted from his FAP. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). However, the rationale for permitting relation back under Rule 15(c) is that defendants, because of the original complaint, are on notice of the subject matter of the dispute and will not be unduly surprised or prejudiced by the later complaint. *See Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000) (stating that one of the central policies of Rule 15(c) is to "ensur[e] that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment"). Not perceiving any undue prejudice to the Respondents caused by the intervening amended petition, this Court concludes that Grounds Four and Five relate back to the timely-filed initial petition. Therefore, the Court finds that Grounds Four and Five are not time-barred.

**IV.  CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 30) is granted in part and denied in part. Grounds One, Four, and the part of Ground Five premised on counsel's failure to challenge the sentence enhancement are unexhausted.

It is further ordered that, with respect to the unexhausted claims, Petitioner has 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted claims and proceed on his remaining claims; or (2) inform this Court in a sworn declaration that he wishes to dismiss his petition without

prejudice in order to return to state court to exhaust his unexhausted claims;[3] or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7–2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer within which to file a reply.

DATED THIS 24th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In offering this option, the Court makes no assurances as to whether any future petition filed in this Court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. *See Duncan v. Walker*, 533 U.S. 167 (2001).