UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT ALLEN GOODLOW,<br><br>              Petitioner,<br>v.<br><br>WARDEN BAKER, *et al.*,<br><br>              Respondents. | Case No. 3:18-cv-00323-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

On February 4, 2020, this Court entered an order concluding that the petition for writ of habeas corpus in this case is a mixed petition—i.e., a petition containing both exhausted and unexhausted claims. (ECF No. 45.) Accordingly, the Court provided Petitioner with the choice of either abandoning the unexhausted claims and proceeding on his remaining claims, voluntarily dismissing his petition without prejudice in order to return to state court, or filing a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court. (*Id.*)

In response, Petitioner filed two motions: a motion to excuse exhaustion due to futility and a motion for stay and abeyance. (ECF Nos. 46, 47.) For reasons that follow, the motion to excuse exhaustion will be granted and the motion for stay and abeyance will be denied.[1]

**II.   PROCEDURAL BACKGROUND**

In March 2012, Goodlow pled guilty in the Eighth Judicial District Court for Clark County, Nevada, to one count of attempt sexual assault with use of a deadly weapon and

---

[1] The Respondents did not file a response to either motion.

one count of battery with the intent to commit a crime. (ECF No. 31-21.) In June 2012, Goodlow, through counsel, notified the trial court that he would like to withdraw his guilty plea. (ECF No. 31-23 at 3.) In July 2012, the trial court denied Goodlow's motion to withdraw his plea and sentenced him to 240 months with parole eligibility after 96 months on the former count, with a consecutive like term for a deadly weapon enhancement, and a concurrent 120 month term on the latter count with parole eligibility after 48 months. (ECF. No. 31-28.) A judgment of conviction was entered on July 25, 2012. (ECF No. 31-31.)

Goodlow appealed. The Nevada Supreme Court reversed the judgment of conviction and remanded the case, directing the district court to appoint Goodlow new counsel to assist him with his motion to withdraw his guilty plea. (ECF No. 31-45.) On remand, the district court denied Goodlow's counseled motion to withdraw his guilty plea after holding an evidentiary hearing. (ECF No. 31-67; ECF No. 32-4.) Goodlow appealed. In January 2015, the Nevada Court of Appeals affirmed Goodlow's judgment of conviction. (ECF No. 32-20.)

In June 2015, Goodlow filed a petition for writ of habeas corpus in the state district court. (ECF No. 32-22.) With assistance of appointed counsel, he filed a supplement to his petition. (ECF Nos. 33-4, 33-5.) The district court denied relief. (ECF No. 33-15.) Goodlow appealed. In April 2018, the Nevada Court of Appeals affirmed the lower court. (ECF No. 33-44.)

Goodlow initiated this federal habeas proceeding on June 29, 2018. (ECF No. 6 at 1.) Pursuant to this Court's screening order (ECF No. 5), Goodlow filed an amended petition. (ECF No. 8.) Goodlow was subsequently granted leave to amend his petition again. (ECF No. 28.) On April 26, 2019, he filed his second amended petition (ECF No. 29), which the Respondents' moved to dismiss. (ECF No. 30). In ruling upon that motion, this Court determined that the second amended petition contained unexhausted grounds for relief, specifically, Grounds One and Four, and the portion of Ground Five premised on counsel's failure to challenge the sentence enhancement. (ECF No. 45.)

## III. DISCUSSION

### A. Motion to Excuse Exhaustion

In his motion to excuse exhaustion due to futility, Petitioner points out that if he were to present his unexhausted claims to the state court, Nevada's well-established procedural bars would result in the dismissal of his claims. (ECF No. 46.) He concedes that he would not be able to make the necessary showing, under Nevada law, to overcome the procedural defaults. (*Id.* at 12-14.)

In addition to the exhaustion requirement, a federal court may not hear a habeas claim if a petitioner has defaulted the claim in state court under an independent and adequate state procedural rule and the petitioner cannot demonstrate either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Claims can be procedurally defaulted in federal court even if they are not exhausted in state court. *Cooper v. Neven*, 641 F.3d 322, 328 (9th Cir. 2011). "[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Id.* at 327 (citation omitted); *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him").

At least two of Nevada's procedural rules that the Ninth Circuit has found to be adequate to bar federal court review would apply if Petitioner were to attempt to present his unexhausted claims to the Nevada courts. NRS § 34.726. imposes a general one-year deadline for the filing of petitions for post-conviction relief. *See Williams v. Filson*, 908 F.3d 546, 5577-80 (9th Cir. 2018) (discussing the adequacy of § 34.726 as a procedural bar to federal review). NRS § 34.810 requires dismissal of claims that could have been raised on direct appeal or in a prior post-conviction proceeding but were not. *See Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (holding § 34.810 to be an adequate and

3

independent state ground sufficient to deny federal review of claims).

Nevada has cause-and-prejudice and fundamental-miscarriage-of-justice exceptions to its procedural bars that are substantially the same as the federal standards. *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). Thus, if a petitioner has a potentially viable cause-and-prejudice or fundamental-miscarriage-of-justice argument under the substantially similar federal and state standards, then the petitioner cannot establish that state court remedies are no longer "available." For that reason, this Court is normally reluctant to find an otherwise unexhausted claim to be "technically exhausted," but procedurally defaulted, unless the petitioner represents that he would be unable to establish cause and prejudice or a fundamental miscarriage of justice in a return to state court. Here, Petitioner has made such a concession (ECF No. 46 at 12-14), and Respondents have raised no objection. Thus, the claims this Court previously identified as unexhausted will now be considered procedurally defaulted.

Petitioner's concession means that Ground Four of his petition, wherein he alleges the trial court's plea canvass did not meet constitutional standards, must be dismissed as procedurally defaulted. As to his other two unexhausted claims, however, his concession does not rule out the possibility of him obtaining federal court review. That is because Ground One and the unexhausted portion of Ground Five allege ineffective assistance of trial counsel. For ineffective assistance of trial counsel claims, the federal courts recognize a potential basis to overcome a procedural default that the Nevada state courts do not.

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id*. at 9. The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on

4

an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

That is the situation here. Accordingly, the Court will provide Petitioner with the opportunity to establish cause for his procedural defaults under *Martinez*. He can do so "by demonstrating two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984),' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 566 U.S. at 14). Whether Petitioner's ineffective-assistance-of-trial-counsel claims are substantial, and whether post-conviction counsel was ineffective for failing to raise them, are questions that are intertwined with the merits of the claims themselves. The Court will therefore defer consideration of the cause-and-prejudice argument under *Martinez* with respect to Ground One and Ground Five (in part) until the time of merits consideration.

### B.     Motion for Stay and Abeyance

As discussed above, Petitioner's concession that he cannot overcome the state procedural rules that bar state court review of his claims means that all of his claims are technically exhausted. Thus, based on Petitioner's own representations, an exhaustion stay would serve him no functional purpose. In addition, a stay for exhaustion purposes is only available if a petitioner can demonstrate good cause for his failure to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (outlining standards federal courts should apply in deciding whether stay and abeyance is appropriate). Petitioner's motion fails to meet this requirement. (ECF No. 67 at 6-7.) Thus, his motion for stay and abeyance will be denied.

///

## IV. CONCLUSION

It is therefore ordered that Petitioner's motion to excuse exhaustion (ECF No. 46) is granted. Ground Four of his second amended petition (ECF No. 29) is dismissed as procedurally defaulted. The Court defers until merits consideration a determination of whether Petitioner can establish cause and prejudice under *Martinez* for the procedural default of Ground One and/or the part of Ground Five premised on counsel's failure to challenge the sentence enhancement. The parties will address the procedural default of these claims as well as the merits of the claims in forthcoming briefing.

It is further ordered that Respondents file an answer to all remaining claims in the petition within 60 days of the date of this order. The answer must include substantive arguments on the merits as to each remaining ground in the petition. In filing the answer, Respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner may file a reply within 45 days of service of an answer.

It is further ordered that Petitioner's motion for stay and abeyance (ECF No. 47.) is denied.

DATED THIS 8th day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE